David Myers, appellant, *v.* Samuel Aikman, appellee.

*Appeal from  Edgar.*

In an action upon a promissory note, a plea that the consideration of the note was the sale of certain lands to the defendant, to which the plaintiff represented he had a good and valid title, whereas in fact he had no title to the premises, is a bar to a recovery.

This was an action of *debt* commenced by the appellee against the appellant, in the Circuit Court of Edgar county, upon two promissory notes.

The declaration was in the usual form.   The defendant pleaded three special pleas.   The first plea alleged that the notes were given in consideration of the sale of certain tracts of land by the plaintiff to the defendant, and that at the time of the purchase the plaintiff fraudulently and deceitfully represented to the defendant, that he had a good and valid title to the land, when in truth and fact he had no title whatever to the land, and the plaintiff well knew at the time he made the representations aforesaid, that they were false, and that he had no title to said land ; and that the plaintiff has not now, nor ever has had, any title to said land.

The second plea alleged, that the notes were given in consideration of the sale of the lands mentioned in the first plea, and that at the time of the sale, the plaintiff represented that he had a good and valid title, of record, to the lands ; yet the said plaintiff had no

(1) Acts of 1837, 154 ; Gale's Stat. 436, 437.

good and valid title to said lands, nor has he now a good and valid title to said lands.

The third plea alleged, that one of the said notes was executed upon the following consideration : " The said plaintiff falsely and fraudulently represented himself to be the owner, in fee simple, and that he had a good and regular title, of record, to the lands mentioned in said first plea, and which he agreed to sell to said defendant, and falsely and fraudulently assured said defendant, &c.

And in consideration of said assurances, and believing that the plaintiff owned the lands, &c., the defendant executed said notes to him ; and that at that time the plaintiff falsely represented to the defendant, that he would make a good deed to him then, but he had not his title papers with him ; that he would procure them, and make and execute said deed for said lands, and deliver to him the title papers thereof, within ten days after making said notes ; and the defendant avers, that at the time of the agreement to sell said lands, the plaintiff had no title to said lands, and was not the owner thereof ; and had no title of record to the same whatever, nor has he since had any title to the same ; nor has he made or offered to make a conveyance in fee simple to said lands, to said defendant."

The plaintiff demurred to these pleas, and the demurrer was sustained by the Court, and a judgment rendered against the defendant, for the amount of the notes. The defendant appealed to this Court.

The cause was tried at the March term, 1840, of the Court below, before the Hon. Justin Harlan.

S. A. Douglass, for the appellant.

J. G. Bowman, for the appellee.

Smith, Justice, delivered the opinion of the Court :

This case falls directly within the rule laid down in the case of Tyler *v.* Young *et al.,* (1) decided at the present term.

The demurrer should have been overruled. The plea of failure of consideration in this, that the party had no title to the land, was well pleaded.

The judgment is reversed, and the cause remanded, with leave to proceed in the cause agreeably to the principles laid down in the case of Tyler *v.* Young *et al.,* referred to.

*Judgment reversed.*

(1) *Ante* 444.